UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 11-334-JBC**

**THE OHIO CASUALTY INSURANCE CO.,** **PLAINTIFF,**

**V.**           **MEMORANDUM OPINION & ORDER**

**BARBARA COX, et al.,**           **DEFENDANTS.**

\* \* \* \* \* \* \* \* \*

Pending before the court is the third-party defendants' motion to dismiss the third-party complaint, R.10, and the plaintiff's motion to schedule telephonic scheduling conference, R.14.  For the reasons stated below, both motions will be denied.

**I. Background**

This action arises out of an indemnity agreement, which was allegedly signed by the defendant Barbara Cox and her late husband David Cox, in which they both agreed to indemnify the plaintiff, the Ohio Casualty Insurance Company, against any loss or claim arising out of bonds that were executed on behalf of David Cox.  After receiving notice of approximately $925,954.090 in claims on the bonds, Ohio Casualty sued Barbara Cox, both individually and as administratrix of the estate of David Cox, claiming that Ohio Casualty was entitled to indemnification for those claims.

Cox filed a third-party complaint against Jerry Catlett, David Henry, and Western Surety Company, alleging that she did not sign the Ohio Casualty

1

indemnity agreement; rather, she claims, the signature appearing on the document as her signature is a forgery. Cox alleges that Catlett and Henry, as witness and public notary to the signatures on the indemnity agreement respectively, failed to exercise their duties under Kentucky law. Cox also claims that Western Surety Company is liable on a bond it posted for Henry as surety that Henry would faithfully perform his duties as a public notary. Specifically, Cox brings negligence claims against Catlett and Henry; a claim under KRS 423.010, *et seq.* against Henry; and an action to enforce a bond against Western Surety Company. The third-party defendants now move to dismiss the third-party complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**II. Analysis**

The third-party defendants' Fed. R. Civ. P. 12 (b)(6) motion is dually based: First, they argue that Cox has no plausible claim because Ohio Casualty has not yet obtained a judgment against her, so her injuries are speculative. Second, the third-party defendants allege that Cox cannot establish proximate causation between their conduct and Cox's injuries, as required for a negligence claim under Kentucky law. The court will not dismiss Cox's claims for relief, however, because they are "plausible on [their] face." *Ashcroft v. Iqbal*, 556 U.S. 662, 884 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Neither of the third-party defendants' arguments demonstrates that the third-party complaint fails the *Twombly* plausibility standard. First, Cox's damages are not speculative merely because liability has not been determined in the underlying

action. The third-party defendants have not shown that a ruling in favor of the plaintiff in the underlying action is a predicate for recovery of damages under all of the claims in the third-party complaint. Cox seeks damages including pain and suffering, punitive damages, recovery under the surety bond, statutory damages, and court costs. The third-party defendants have offered no law to show that the relief sought could not plausibly be recovered under each of Cox's claims, including negligence, violations of KRS 423.010, et *seq.*, and action to enforce bond.

Second, Cox's complaint does not fail for lack of a showing of causation. In Kentucky, liability for a negligence claim requires a showing of proximate causation, *see Nunan v. Bennett*, 184 Ky. 591, 593-94 (Ky. 1919), but "[t]he question of proximate cause is a factual one, not a legal one, depending upon whether the evidence shows that the results of the misconduct are reasonably foreseeable." *Watts by and Through Watts v. K, S & H*, 957 S.W. 2d 233, 239 (Ky. 1997). At this early stage of litigation, it is premature for the court to make a factual determination that no proximate causation exists between any damages and the acts of the third-party defendants. Additionally, no legal analysis has been offered to show why lack of causation in the negligence context would render the other two causes of action implausible.

The court notes that the third party defendants have raised a common-sense argument as to why the third-party complaint should be dismissed. The third-party defendants state that the third-party claims are baseless regardless of whether Cox is found liable in the underlying action: if Cox signed the agreement, she has no

3

claims against the third-party defendants because her signature was found to be valid, and if Cox did not sign the agreement, then the indemnity agreement is not enforceable against Cox and thus Cox has no claim for relief against the third-party defendants. This argument does not address the elements of recovery of all of the claims brought in the third-party complaint and therefore fails to show that each of Cox's claims for relief is implausible.

Accordingly,

**IT IS ORDERED** that the third-party defendants' motion to dismiss, R.10, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff's motion to schedule telephonic scheduling conference, R.14, is **DENIED** without prejudice as premature, because after all issues are joined by the filing of answers, the court will direct the parties to propose a joint written discovery schedule, in which they may seek such a conference if they cannot agree upon a proposed schedule.

**IT IS FURTHER ORDERED** that the third-party defendants shall file their answers to the third-party complaint within 21 days from the date of entry of this order.

Signed on April 18, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

4