UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 5:11-CV-334-HRW-REW |
| v. | ) ) | RECOMMENDED DISPOSITION |
| BARBARA COX, Individually and as Administratrix for the Estate of David Cox, | ) ) ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Today, the jury returned a verdict in this matter finding for Plaintiff, The Ohio Casualty

Insurance Company. In conformity with the jury's verdict and per the parties' damage stipulation

(DE #167), the Court **RECOMMENDS** that the District Court enter the following Judgment:

(1) The Court enters **JUDGMENT** in favor of Plaintiff, The Ohio Casualty Insurance

Company;

(2) The Court enters **JUDGMENT** against Defendant Barbara Cox, Individually and as

Administratrix for the Estate of David Cox;

(3) The Court **AWARDS** Plaintiff **$759,997.44** in losses and **$84,251.52** in expenses and

costs, for a total award of **$844,248.96**, as well as (per the stipulation at DE #167) an

award of final expenses and costs in an amount to be determined by subsequent

Order, which is incorporated herein by reference.[1] These totals are awarded against

---

[1] Per the stipulation, Plaintiff **SHALL** file its properly supported final expenses and costs **within 10 days** from today, February 24, 2016. Defendant **MAY** respond **no later than 5 days** following Plaintiff's filing. The matter will then stand submitted to either the undersigned or Judge Wilhoit for determination of final expenses and costs, at Judge Wilhoit's discretion. Per the stipulation, the final expenses and costs total shall not exceed $100,000.00.

Defendant Barbara Cox, Individually and as Administratrix for the Estate of David Cox, and are immediately due and payable by her to Plaintiff.

(4) The Court **DENIES AS MOOT** all pending motions and requests for relief not resolved prior to Judgment entry;

(5) The Court **CONTINUES GENERALLY** all scheduled proceedings;

(6) This is a final Judgment as to the rights and liabilities of all claims and parties; and

(7) The Court **STRIKES** this matter from the active docket.[2]

* * * * *

The Court issues this Recommended Disposition under 28 U.S.C. § 636(b)(1)(B), pursuant to the District Court's referral, and in conformity with the jury's verdict at trial. The parties should consult the statute and Fed. R. Civ. P. 72(b) for specific appeal rights and mechanics. The Court hereby **shortens** the objection period: **within five days**, any party may serve and file specific written objections to any or all pertinent findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.[3] *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 24th day of February, 2016.

---

[2] The District Court should also enter final and appealable Judgment as to the matters previously decided—Plaintiff's claims against Cox as Administratrix and Cox's claims against the Third Party Defendants. *See* DE ##143 (Interlocutory and Non-Appealable Judgment); 145 (Minute Entry Order discussing entry of final Judgment against Cox as Administratrix); 140 (Order adopting DE #133, which recommended entering judgment against the Estate).

[3] The parties consented to the undersigned conducting the trial. DE #119 (Minute Entry Order). The Court recommends this Judgment because the case is not a full consent case and the Judgment resulting from the jury's verdict is dispositive. Of course, Defendant does not waive any otherwise preserved issue (from trial or over the course of the case) for appeal if she does not object to this recommendation.

2

Signed By:

__Robert E. Wier__

**United States Magistrate Judge**